Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE URQUIDI, | ) Case No.: |
| | ) |
| Plaintiff | ) **COMPLAINT FOR DAMAGES** |
| v. | ) **1. VIOLATION OF THE FAIR** |
| | ) **DEBT COLLECTION PRACTICES** |
| ASSET RECOVERY SOLUTIONS, LLC, | ) **ACT, 15 U.S.C. §1692 ET. SEQ.;** |
| | ) **2. VIOLATION OF THE** |
| | ) **ROSENTHAL FAIR DEBT** |
| Defendant | ) **COLLECTION PRACTICES ACT,** |
| | ) **CAL. CIV. CODE §1788 ET. SEQ.;** |
| | ) **3. VIOLATION OF THE** |
| | ) **TELEPHONE CONSUMER** |
| | ) **PROTECTION ACT, 47 U.S.C. §227** |
| | ) **ET. SEQ.** |
| | ) |
| | ) **JURY TRIAL DEMANDED** |

- 1 -

PLAINTIFF'S COMPLAINT

# COMPLAINT

LAURIE URQUIDI ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against ASSET RECOVERY SOLUTIONS, LLC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, cal. Civ. Code §1788, *et seq.* ("RFDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of California and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Seaside, California 93955.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA. See §1692(k)(a) and <u>Wenrich v. Cole</u>, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant is a national debt collection company with its corporate headquarters located at 2200 E Devon Avenue, Suite 200, Des Plaines, IL 60018.

10. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

11. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Plaintiff has a cellular telephone that she has had for at least one year.

14. Plaintiff has only used this phone as a cellular telephone.

15. Beginning sometime in 2015 and continuing thereafter, Defendant called Plaintiff's cellular telephone every few months in their attempts to speak to

PLAINTIFF'S COMPLAINT

two unknown third parties named Andrea and Michael Hernandez.

16. Plaintiff does not have any business debts, so the debt that Defendant has been calling Plaintiff regarding could only have been incurred for personal, family or household purposes.

17. Defendant has contacted Plaintiff from the following number, including but not limited to: (847) 257-8328.

18. During this time, Plaintiff received automated calls from Defendant.

19. Plaintiff knew she was receiving automated calls from Defendant since they would begin with a pre-recorded voice: "Please hold" before the calls were connected to one of Defendant's collectors.

20. Desiring to stop these repeated calls, Plaintiff spoke to Defendant when the calls began in 2015 and informed Defendant they were calling a wrong number and requested that the calls stop.

21. Defendant heard and acknowledged Plaintiff's request to stop calling by responding that they would "take the number off the list."

22. Once Defendant was informed that its calls were unwanted and to stop calling, there was no lawful to making further calls, nor was there any good faith reason to place calls.

23. Rather than restrict its calls from Plaintiff's cellular telephone number, Defendant continued to call Plaintiff in their attempts to contact the

PLAINTIFF'S COMPLAINT

aforementioned unknown third parties.

24. Plaintiff repeatedly told Defendant they were calling a wrong number and to stop calling her through September 2016.

25. Plaintiff knew Defendant was calling her because she spoke to a male collector from this company who stated or identified their company name.

26. Plaintiff also received automated voice messages from Defendant regarding the two unknown third parties.

27. These collection calls were aggravating and annoying for Plaintiff especially since Defendant would contact Plaintiff while she was at work on her cellular phone.

28. After Defendant failed to stop calling despite Plaintiff's frequent requests, Plaintiff had no choice but to download a call blocking application to her cellular telephone to stop Defendant's calls.

## COUNT I
## DEFENDANT VIOLATED §§ 1692d AND 1692d(5) OF THE FDCPA

29. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

30. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with

PLAINTIFF'S COMPLAINT

intent to annoy, abuse, or harass any person at the called number.

31. Defendant violated §§ 1692d and 1692d(5) when it placed repetitive and harassing telephone calls to Plaintiff's cellular telephone even though Plaintiff repeatedly informed Defendant they were calling an incorrect phone number and to stop calling.

## COUNT II
## DEFENDANT VIOLATED THE
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

32. Section 1788.17 of the California Civil Code mandates that every debt collector attempting to collect a consumer debt shall comply with § 1692b through § 1692j of the FDCPA.

33. Defendant violated Cal. Civ. Code § 1788.17, when it violated the FDCPA for the reasons set forth in this Complaint.

## COUNT III
## DEFENDANT VIOLATED THE TCPA

34. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

35. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

36. Defendant's calls to Plaintiff were not made for emergency purposes.

PLAINTIFF'S COMPLAINT

37. Defendant's calls to Plaintiff, on and after she revoked consent in 2015, were not made with Plaintiff's prior express consent.

38. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

39. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

40. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, LAURIE URQUIDI, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. §1692k(a)(1) and Cal. Civ. Code § 1788.30(a);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to Cal. Civ. Code § 1788.30(b);

d.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. §1693k(a)(3) and Cal. Civ. Code § 1788.30(c);

e.   All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

f.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

g.   Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

h.   Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

i.   Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, LAURIE URQUIDI, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Date: October 14, 2016                    By: /s/ Amy L. Bennecoff Ginsburg

Amy L. Bennecoff Ginsburg
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT